[678 NYS2d 420]

In the Matter of H. PAUL DOUCETTE, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, October 2, 1998

### APPEARANCES OF COUNSEL

*Daniel A. Drake,* Rochester, for petitioner.

*Dean J. Fero,* Rochester, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on June 26, 1986, and maintained an office in Rochester. The Grievance Committee filed a petition charging respondent with

neglect, failure to refund unearned legal fees and failure to maintain and preserve client funds. Respondent filed an answer admitting the allegations in the petition and raising matters in mitigation.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (A) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct that adversely reflects on his fitness to practice law;

DR 2-110 (A) (3) (22 NYCRR 1200.15 [a] [3])—failing to refund unearned legal fees;

DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him; and

DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain funds of a client in a special account separate from his business or personal accounts.

In admitting his misconduct, respondent acknowledges that he violated the trust of his clients. While we do not condone the misconduct of respondent, we note that the misconduct occurred during a period when his abuse of drugs and alcohol rendered him incapable of properly conducting a law practice. Prior to the institution of formal disciplinary charges in this matter, respondent recognized his addiction, voluntarily ceased practicing law and sought treatment. Respondent has relocated to Florida, where he is employed in a nonlegal capacity and resides in a structured residential community for individuals recovering from chemical dependency. Respondent voluntarily entered into an agreement with the Florida Lawyers Assistance Program, which requires respondent to be monitored and to submit to random testing.

After consideration of all of the factors in this matter, we conclude that respondent should be suspended for a period of six months, effective April 21, 1998, the date of the petition, and until further order of the Court. We direct respondent to pay restitution in the amounts indicated in the petition. We further direct respondent to continue his participation in the Florida Lawyers Assistance Program.

GREEN, J. P., PIGOTT, JR., CALLAHAN, BALIO and FALLON, JJ., concur.

Order of suspension and restitution entered.